UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LORI ANNE CHRISTMANN,

                Petitioner,

v.                                                           Case No. 14-14732

WILLIAM SCHUTTE,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
GRANTING CERTIFICATE OF APPEALABILITY, GRANTING APPLICATION TO
PROCEED IN FORMA PAUPERIS, AND GRANTING PERMISSION TO PROCEED
ON APPEAL IN FORMA PAUPERIS**

       This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Petitioner Lori Anne Christmann was sentenced to 25-to-75 years in prison after she pleaded guilty but mentally ill to second-degree murder in the Oceana Circuit Court.  Mich. Comp. Laws § 750.317.  Her habeas petition raises four claims: 1) Petitioner's trial attorney did not show her documents related to her case after her guilty plea or allow her adequate time to decide whether to file a direct appeal, 2) Petitioner was denied the effective assistance of trial counsel regarding his advice whether to appeal, 3) the trial court relied on false information when it imposed sentence, and 4) Petitioner was prejudiced by the loss of her direct appeal.

       On March 31, 2015, the court ordered Petitioner to show cause why the petition should not be dismissed for failure to comply with 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.  (Dkt. # 4.)  Petitioner filed two responses to the show cause order. In her first response, Petitioner asserts that her mental illness excuses her late filing.

(Dkt. # 5.) In her second response, she assures the court that she would have the resources necessary to be a law abiding citizen if she were released. For the reasons stated below, the petition will be dismissed for failure to comply with the statute of limitations. Petitioner will, however, be granted a certificate of appealability and permission to proceed in forma pauperis.

## I. Background

In 2005, Petitioner was convicted of second degree murder after pleading guilty but mentally ill. (Dkt. # 1 Pg. ID 1.) On January 20, 2006, she was sentenced to twenty-five to seventy-five years of imprisonment. (*Id.*) According to the petition, Petitioner did not file a direct appeal. On August 13, 2013, she filed a motion for relief from judgment in the trial court, and the trial court denied the motion by order dated August 23, 2013. (*Id.* at 12.) Petitioner appealed this decision, but the Michigan Court of Appeals denied relief because Petitioner "failed to establish both good cause for failing to previously raise the issues and actual prejudice from the irregularities alleged, and has not established that good cause should be waived. Mich. Ct. R. 6.508(D)(3)(a) and (b)." (*Id.* at 13.) Petitioner filed an application for leave to appeal this decision, which was denied by the Michigan Supreme Court on October 28, 2014. (*Id.* at 11.) Petitioner filed the present habeas action, as well as an application to proceed without prepaying fees or costs, on December 15, 2014. (Dkt. ## 1, 2.)

## II. Standard of Review

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits

2

that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). A preliminary question in a habeas case brought by a state prisoner is whether the petitioner complied with 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. "[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition. *Day v. McDonough,* 547 U.S. 198, 209 (2006).

### III. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

The statute of limitations began to run in this case when Petitioner's conviction became final by the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). None of the other potential starting points apply to this case. Petitioner does not assert that her claims are based on previously unavailable facts or law, nor does she allege that the state created an external impediment preventing her from filing her petition. See §§ 2244(d)(1)(B)-(D).

The time for seeking direct review for purposes of subsection 2244(d)(1)(A) concluded one year after Petitioner's January 20, 2005 sentence, when the time expired for Petitioner to file a delayed application for leave to appeal her conviction in the Michigan Court of Appeals. See Mich. Ct. R. 7.205(F)(3) (2010). That is, the statute of limitation began to run on January 21, 2006, and it expired one year later.

The limitations period is tolled under § 2244(d)(2) during the time a petitioner has a post-conviction review proceeding pending in the state courts. Petitioner filed for state post-conviction review in 2013. By that time, however, the limitations period had already expired. While a state post-conviction proceeding tolls the limitations period, it does not restart the one-year clock once it has already expired. *See McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)).

The petition is, therefore, time barred unless Petition can demonstrate grounds for equitable tolling. *Holland v. Florida*, 561 U.S. 631, 649 (2010). A petitioner is

4

entitled to equitable tolling if she shows "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Id.* (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner's first response to the show cause order states that Petitioner's mental illness prevented her from comprehending the procedures for appealing her conviction. (Dkt. # 5, Pg. ID 43.) Petitioner's presentence investigation report, which was attached to her petition, details her mental health history as follows:

> According to the information given to the forensic center by the offender on 11/3/03, she received treatment at Ludington Memorial Hospital (Hadley Center) on several occasions in 1997 and 1999. She further advised them that she also received treatment at a clinic in Phoenix in December 2002 and was placed on Risperdal and Zoloft at that time because she had thoughts of killing herself and hurting other people. She advised she was diagnosed as being acute schizophrenic and bipolar. In checking records from Memorial Medical Center of West Michigan, it is noted that she had been treated there on several occasions for psychiatric symptoms. It was also noted that she was involuntarily hospitalized from 2/7/99 through 2/14/99 due to disregulated thought and behavior and was reportedly presented as "tangential and paranoid" and also had reportedly attempted to throw herself in the path of a moving vehicle. It is also noted in the intake report that the attending physician made reference to her as being hospitalized in 1997 due to "a psychotic break." She was diagnosed with psychotic disorder and prescribed Zyprexa, Trilafon and Ativan. On 8/17/99 through 8/31/99, she was again involuntarily hospitalized. She was described as appearing to be "distracted by internal stimuli" and "erratic and unpredictable." From 9/10/99 through 9/17/99, she was again involuntarily hospitalized due to non-compliance with her court-ordered treatment. At this time she was diagnosed with schizophrenia, paranoid-type, borderline personality disorder, and alcohol and other substance abuse. She was place on Haldol, Effexor, and Cogentin and referred to West Michigan Mental Health for follow-up treatment. Upon examination at the forensic center, the following conclusion was obtained: The offender "suffers from a substantial disorder of thought meeting the criteria for mental illness at the time of the alleged offense. As a result of her mental illness, it is the opinion of the examiner that the

> offender did not appreciate the nature and quality of her conduct, the wrongfulness of her conduct, and could not conform her conduct to the requirements of the law." It further advises that she meets the statutory criteria for legal insanity. The offender is currently taking Prolexin, Zyprexa, and Depakote at the jail.

(Dkt. # 1, Pg. ID 17-18.)  Beneath this paragraph, the following is hand-written: "*Please see attached info[,] it proves it takes at least 8 yrs before you get a good diagnosis, and from 1997-2005 is exactly 8 yrs."  (*Id.* at 18.)

In *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), the Sixth Circuit held:

> [A] petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations.  To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) she is mentally incompetent, and (2) her mental incompetence caused her failure to comply with AEDPA's statute of limitations.  In short, a blanket assertion of mental incompetence is insufficient to toll the statute of limitations.  Rather, a causal link between the mental condition and untimely filing is required.

*Id.* at 742; see also *Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." (internal quotations marks and citations omitted)).

While there is strong evidence that Petitioner suffers from mental illness, there is nothing in Petitioner's responses to the show cause order or in her petition that suggests she is mentally incompetent to the degree that it actually prevented her from filing her habeas petition in a timely manner.  Her conclusory assertion that her "mental illness . . . prevented [her] from comprehending the procedures for appealing conviction" is insufficient to demonstrate that mental incompetence caused her failure to comply with the statute of limitations.  (Dkt. # 5, Pg. ID 43.)

The mental illness described in her records concerns her inability to conform her conduct to the requirements of the law; there has been no proffer that her mental illness prevented her from engaging in ordinary daily tasks. (Dkt. # 1, Pg. ID 18.)  In fact, the presentence investigation report notes that Petitioner maintained employment and obtained custody of her son during the period of mental illness prior to the homicide. (*Id.* at 16.)  Moreover, Petitioner was able to file a pro se petition for state post-conviction review in 2013.  She does not attempt to explain what changed between 2006 and 2013 that allowed her to begin pursuing relief in 2013 but not before.

Nor is an evidentiary hearing warranted to further explore the matter.  In *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), the Sixth Circuit remanded the case for such a hearing because the petitioner made sufficiently specific allegations that if proven true would entitled him to equitable tolling on the basis of mental incompetence. In that case, the petitioner alleged that his petition was untimely because he had been hospitalized on numerous occasions for paranoid schizophrenia, and because he had continued to be medicated by the Michigan Department of Corrections for paranoid schizophrenia and other psychoses, preventing him from understanding the one-year time limit for filing a habeas petition.  *Id.* at 743-44.  In contrast here, Petitioner merely describes her mental illness prior to the offense.  She has made no specific allegations as to how and why her mental illness caused the seven-plus year delay between conviction and the first time she sought appellate review, and "speculation about the impact of mental illness on ability to timely file habeas petition is not sufficient to warrant an evidentiary hearing." *McSwain v. Davis*, 287 F. App'x 450, 457-458 (6th Cir. Mich. 2008).  Accordingly, the court will not exercise its discretion to hold a hearing on the issue of

7

equitable holding. Because Petitioner's application for habeas relief was filed after the expiration of the one-year limitations period, and because he has failed to demonstrate grounds for equitable tolling, the petition will be summarily dismissed.

### IV. Certificate of Appealability

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the p[etitioner]'s underlying constitutional claim[s], a [certificate of appealability] should issue when the p[etitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having undertaken the requisite review, the court concludes that jurists of reason could find debatable whether the statute of limitations was equitably tolled.

The court will also grant Petitioner's Application to Proceed in District Court without Preparing Fees or Costs and grant Petitioner permission to proceed on appeal in forma pauperis, as the court cannot certify that an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(3); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V. CONCLUSION

IT IS ORDERED that the Petition for Writ of Habeaus Corpus (Dkt. # 1) is DENIED and the case is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Application to Proceed in District Court without Preparing Fees or Costs (Dkt. # 2) is GRANTED and Petitioner is GRANTED permission to appeal in forma pauperis.

IT IS FURTHER ORDERED that the clerk shall serve a copy of this opinion on the Michigan Department of Attorney General, Appellate Division, counsel for Respondent.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: May 13, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 13, 2015, by electronic and/or ordinary mail.

    s/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522